**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:19-CR-0546 AGF |
| v. | ) |
| | ) |
| DEVEN STRAUTHER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Deven Strauther, represented by defense counsel Martin Minnigerode, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

A.   **The Plea:**   Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the Indictment, the United States agrees to move for the dismissal as to the defendant of Count Two at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought

in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.     The Sentence:**     The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the recommendations agreed to in this document.

**3.     ELEMENTS:**

**A.     Count One:**     As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

> **(i)**     The Defendant knowingly attempted to rob Robinson Jeweler's, a commercial establishment engaged in interstate or foreign commerce;
>
> **(ii)**    The attempted robbery involved personal property, including jewelry;
>
> **(iii)**   The personal property was in the custody of the owner and/or employees of the commercial establishment; and
>
> **(iv)**    the Defendant's actions affected commerce in some way or degree.

**4.      FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 25, 2019, the St. Louis Metropolitan Police Department ("SLMPD") received a call for "shots fired" at Robinson's Jewelry, located 6497 Chippewa Street, Saint Louis, Missouri 63109, within the Eastern District of Missouri. Robinson's Jewelry was a commercial establishment engaged in interstate or foreign commerce and buys and sells articles and commodities that have been previously transported in interstate or foreign commerce.

Upon SLMPD officers arriving, they learned that individuals attempted to rob Robinson's Jewelry. Investigation revealed that the Defendant and at least two other individuals drove to Robinson's Jewelry with the intent to commit an armed robbery to obtain jewelry and other property within the business. The Defendant and at least one other individual were armed. The Defendant and the other individuals arrived in a gray, four door, Infiniti sedan with dark tinted windows. Upon arrival, the Defendant and another individual exited the Infiniti and approached the business, wearing face coverings and armed with semi-automatic weapons. The business is equipped with two entry doors that allow entry into the business. As a security measure, the second door must be opened electronically by the staff. The Defendant entered the first door of the business and another individual was behind the Defendant. The Defendant and other individual were not able to gain complete entry into the business because staff did not electronically open the

second door. When the Defendant was unable to gain entry through the second door, he kicked out the lower portion of the glass on the door in an attempt to gain entry.

Fearing for their safety, the business owner and an off-duty police officer, who were both armed with firearms, fired at the Defendant. In response, the Defendant discharged his weapon as he and the other individual ran from the business. The Defendant and the other individual entered the Infiniti, which was being driven by a third individual, and fled the area.

Approximately thirty minutes after the attempted robbery, the Defendant arrived at St. Louis University Hospital, suffering from two gunshot wounds to the abdomen. SLMPD officers questioned the Defendant about the circumstances of how he was shot, but the Defendant did not make any admissions regarding his involvement in the attempted robbery of Robinson Jewelry at that time. On May 30, 2019, SLMPD officers recovered the Infiniti used in the attempted robbery at Robinson's Jewelry. Officers processed the vehicle for forensic evidence and observed that the Infiniti had ballistic damage to the rear passenger quarter panel, blood on the interior of the vehicle's back seat and on items located on the back floorboard area. DNA analysis of the blood in the vehicle identified the Defendant as being the source of the blood. An analysis of the Infiniti's hard drive indicated that the vehicle was present at Robinson's Jewelry on the date and time of the attempted robbery. In a subsequent interview with SLMPD detectives, the Defendant admitted his involvement in the attempted robbery of Robinson's Jewelry.

**5.** **STATUTORY PENALTIES:**

    **A.** **Statutory Penalties**

        **(i)** **Count One**: The Defendant fully understands that the maximum possible

penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three years.

**6.      U.S. SENTENCING GUIDELINES: 2018 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

**A.     Offense Conduct**:

**COUNT ONE**
**ARMED ROBBERY**

**(i)     Chapter 2 Offense Conduct**:

**(a)     Base Offense Level**:  The parties agree that the Base Offense Level is 20 as found in Section 2B3.1(a).

**(b)     Specific Offense Characteristics**:    The parties agree that the following Specific Offense Characteristics apply: Seven (7) levels should be added pursuant to Section 3B3.1(b)(2)(A), because a firearm was discharged.

**(ii)     Chapter 3 and 4 Adjustments**:

**(a)     Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section

Page **5** of **12**

3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.      Estimated Total Offense Level:**   Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

**(i)      Count One**:   The parties agree that the Total Offense Level for Count One is 24, unless the Defendant is a Career Offender. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

      C.    **<u>Criminal History:</u>**    The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

      D.    **<u>Effect of Parties' U.S. Sentencing Guidelines Analysis:</u>** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **<u>WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:</u>**

      A.    **<u>Appeal:</u>**    The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

          i.    **<u>Non-Sentencing Issues:</u>**    The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

          ii.    **<u>Sentencing Issues:</u>**    In the event the Court accepts the plea and sentences the Defendant consistent with or below the parties agreement to recommend a sentence not less than 96 months nor more than 120 months, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided

the Court accepts the plea and sentences the Defendant consistent with or above the parties' agreement to recommend a sentence not less than 96 months nor more than 120 months.

  **B.** **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  **C.** **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

  **A.** **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

  **B.** **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

  **C.** **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the

Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

   **D.**  **Mandatory Special Assessment:**  This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   **E.**  **Possibility of Detention:**  The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   **F.**  **Fines and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

   **G.**  **Forfeiture:**  The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners.

The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.     ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

**10.     VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

| | |
|---|---|
| _1/10/2022_<br>Date | _____<br>Jennifer L. Szczucinski<br>Assistant United States Attorney |
| _1-7-22_<br>Date | _____<br>Deven Strauther<br>Defendant |
| _1-7-22_<br>Date | _____ MO 47654<br>Martin Minnigerode<br>Attorney for Defendant |